Dunkin, Ch.
delivered the opinion of the Court.
The testimony of the witnesses leaves no reasonable doubt that the negroes were retained and were carried away as an equivalent or consideration for the complainant’s contingent claim of dower. Although this Court might not be warranted in enforcing such agreement when made by a feme covert, her silent acquiescence for seven or eight years after her discoverture, and keeping possession of the consideration, might well be construed into a recognition and renewal of the agreement. But the complainant has resorted to a Court of Law, where this defence could not be noticed, and has recovered her dower, and her application to this Court is now for the intermediate profits since the death of her husband. According to the testimony, the claim is inequitable, and the Court is satisfied with the decree.
But we are also of opinion that, in appealing to the Court of Law, the complainant selected her tribunal, and must be content with the relief as administered by the rules of law. By the well established principles and usages of this Court, she might have instituted proceedings in the Court of Equity both for dower and arrears of dower. It is trae that her claim might here have encountered a defence to which it was not obnoxious in the ordinary tribunal. She has selected the mode, and must abide by the measure, of redress. It cannot be conceived that in Heyward vs. Cuthbert, the demandant would have been entitled to a bill in Equity after the refusal of the Court of Law to recognise her claim for arrears in dower. The absence of any precedent for such proceedings is an argument against its introduction. It concerns the interests of the country that there should be an end of litigation.
The decree is affirmed and the appeal dismissed.
Johnson, Ch. and Johnston, Ch. concurred.
Harper, Ch. absent from indisposition.